## NANCY LORETTA WHITE

### V.

## JAMES F. MORANO, JR.

Record No. 940235

January 13, 1995

Present: All the Justices

*James J. O'Connell, III*, for appellant.

*R. Temple Mayo (William D. Bayliss; W.F. Drewry Gallalee; Williams, Mullen, Christian & Dobbins*, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

We awarded this appeal to consider an issue of appellate procedure. Specifically, the question is whether the trial court committed reversible error in refusing to sign a proposed written statement of facts tendered to become a part of the record on appeal pursuant to Rule 5:11(c).

In November 1990, appellant Nancy Loretta White filed this action against appellee James F. Morano, Jr., seeking recovery in damages. The plaintiff alleged that defendant, an attorney at law, was guilty of malpractice in failing to exercise reasonable care during his representation of her in connection with her claim for injuries resulting from a slip-and-fall accident in a restaurant located in the City of Richmond. The plaintiff asserted that defendant filed suit for her injuries against the wrong party causing the statute of limitations to run on her claim.

The case was tried before a jury during two days in November 1993. A court reporter was present during the entire trial and took down the testimony of the 15 witnesses. The jury returned a verdict in favor of defendant, and the trial court entered judgment on the verdict.

The plaintiff timely filed a notice of appeal pursuant to Rule 5:9(a). Thereafter, the plaintiff filed a 21-page "Written Statement of the Facts, Testimony and Other Incidents of the Case" in a timely manner pursuant to Rule 5:11(c)(1). Rule 5:11 provides for the manner in which a transcript, or a written statement in lieu of a transcript, may become part of the appellate record.

The defendant then timely filed, pursuant to Rule 5:11(d), a seven-page, 25-paragraph paper labelled "Defendant's Objections to Accuracy and Completeness of Plaintiff's Written Statement of Facts." Defendant objected to many of the plaintiff's statements, asserting they were "conclusions and opinions," "incomplete," and "intended to be construed beneficial to plaintiff" because "taken out of context."

Apparently, a hearing was held on defendant's objections, and the parties could not agree on the contents of a narrative statement. Thereafter, the trial judge filed a "Statement in Lieu of Judge's Certificate Pursuant to Rule 5:11(d) of the Rules of the Supreme Court of Virginia," declaring that he was "unable to comply" with the applicable Rule. We awarded the plaintiff this appeal limited to consideration of the foregoing question.

■ The pertinent part of Rule 5:11(d) provides that within ten days after a party's notice of objection to the proposed statement of facts is filed with the clerk of the trial court, "the judge shall: (1) overrule the objections; or (2) make any corrections that he deems necessary; or (3) include any accurate additions to make the record complete; or (4) certify the manner in which the record is incomplete; and (5) sign the . . . written statement." Subparagraph (d) of the Rule also provides: "At any time while the record remains in the office of the clerk of the trial court, the trial judge may, after notice to counsel and hearing, correct the . . . written statement."

■ In the present case, the trial judge's "Statement in Lieu of Judge's Certificate," after noting the foregoing provisions of Rule 5:11(d), gave four reasons why the "court cannot comply with this rule." First, the judge said that the trial lasted two days "and the court cannot remember the testimony of witnesses well enough to

certify appellant's statement." Second, the judge noted that 15 witnesses were called to testify and said "the court cannot recall the details of their testimony." Third, the judge said that the court reporter "was present and working throughout the trial, a transcript was available, so the court did not see the need to take meticulous notes." Fourth, the judge stated: "Many of the appellant's 'facts' are matters of pretrial procedure which are a part of the record and seem to this court to be inappropriate in the statement allowed under Rule 5:11." The judge concluded, "this court . . . is unable to comply with Rule 5:11(d) . . . and this statement is submitted in lieu thereof."

On appeal, the plaintiff contends that she "perfected her appeal" pursuant to the appellate rules "and supported her appeal by filing a Written Statement." She says that she "did not have the financial ability to purchase a transcript and relied upon Rule 5:11 which provides the procedure for certifying a Written Statement." She asserts that the trial judge "failed to perform his duties, thereby removing [her] ability to appeal," and charges that the judge abused his discretion by refusing to follow the mandatory language, "shall," found in Rule 5:11(d). For this alleged error, the plaintiff says she is entitled to a reversal of the judgment and a remand for a new trial. We disagree with the plaintiff.

Initially, we shall review certain basic principles related to the task of compiling a factual record for appeal. Because the judgment of the court below is presumed to be correct, the onus is upon the appellant to provide the reviewing court with a sufficient record from which it can be determined whether the trial court erred as the appellant alleges. If an insufficient record is furnished, the judgment appealed from will be affirmed. *Woods* v. *R. D. Hunt & Son, Inc.*, 207 Va. 281, 287, 148 S.E.2d 779, 783 (1966).

Even though a court reporter ordinarily is retained by one or more parties to an action, the reporter is subject to the control and discipline of the trial judge. Rule 1:3. Any interested person may secure a transcript of the proceedings, or any part thereof, upon terms and conditions fixed by the judge. *Id.*; Code § 8.01-420.3. But one party is under no duty to provide a transcript at its own expense for the other's benefit. *Babbitt* v. *Miller*, 192 Va. 372, 381, 64 S.E.2d 718, 723 (1951).

The decision in this case is controlled by *Woods*, relied on by the trial court and the defendant, and not by *Harris* v. *Woodby, Inc.*, 203 Va. 946, 128 S.E.2d 278 (1962), relied on by the plaintiff. In *Woods*, under similar facts but a different version of the applicable appellate rule, we held that the trial court "did not err in refusing to sign plaintiff's narrative statement as tendered or in failing to make alterations in, and additions to, the statement in an attempt to render it accurate and then sign it." *Woods*, 207 Va. at 287, 148 S.E.2d at 783. There, as here, a court reporter was present during the civil trial and the judge, relying on the availability of a transcript, did not make adequate notes and could not recall accurately the disputed evidence and incidents of trial when the narrative statement was presented for signature.

In *Woods*, we distinguished *Harris*, in which we reversed a trial court for refusing to sign a tendered narrative statement that was not accurate and complete. In *Harris*, unlike *Woods* and the present case, "the proceedings were not recorded by a court reporter and a transcript was not available from any source." *Woods*, 207 Va. at 286, 148 S.E.2d at 782-83.

█ Here, as in any legal malpractice case, there was a trial within a trial; facts relating both to the underlying personal injury claim and to the alleged malpractice were presented. Fifteen witnesses, both lay and expert, testified. A court reporter was present during the whole trial. More than nine weeks elapsed between the time of the trial and the time when the trial judge was called upon to certify to the accuracy of the plaintiff's proposed statement; the trial concluded on November 17th and the return date of the plaintiff's notice that she would appear to present her narrative was the following January 26th. The trial judge relied upon the court reporter, did not take meticulous notes during the trial, and could not recall the details of the witnesses' testimony. Thus, the trial judge understandably concluded that he could not remember the facts adduced at trial "well enough to certify appellant's statement."

The plaintiff points out, however, that the Court's former appellate rules construed in *Woods* and *Harris* did not specify the trial judge "shall" perform one or more of the alternative duties set forth in paragraphs (1) through (4) of subparagraph (d) of Rule 5:11 and did not state the judge "shall" sign the written statement. Thus, according to the plaintiff, the present Rule places

mandatory duties upon a trial judge, which the court below failed to discharge. We do not agree.

■ Use of the word "shall" in subparagraph (d) is merely directory in meaning and not mandatory. Courts endeavoring to arrive at the meaning of language in statutes and procedural rules often are compelled to construe "shall" as permissive in accordance with the subject matter. *Fox* v. *Custis*, 236 Va. 69, 77, 372 S.E.2d 373, 377 (1988). Any other interpretation of "shall" in subparagraph (d) would be unrealistic and would implicitly impose upon trial judges the burden to draft narrative statements when, as here, a court reporter was present at trial and, due to the passage of time and lack of notes, the judge could not remember the testimony well enough to certify a disputed narrative. We will not place that responsibility upon trial judges but will leave that burden on appellants where it properly belongs.

■ The suggestion on brief by the plaintiff that she filed a narrative statement "because she did not have the financial means to purchase the trial transcript," a fact not supported by any proof in the record, is not significant. Even though it is apparent that the defendant retained the court reporter in this case, the reporter was under the control of the trial judge, who could require the reporter to cooperate with the plaintiff in compiling an accurate narrative upon terms and conditions fixed by the judge. Preparation of a full and complete transcript, with the attendant expense, may not have been necessary; the plaintiff's problem might have been solved by use of the reporter's notes. There is no indication in the record that the plaintiff made any request of the trial judge for such assistance; the plaintiff merely elected to stand on her narrative.

Accordingly, we hold that the trial court acted reasonably and did not err by refusing to sign the proposed statement of facts. Thus, the judgment below will be

*Affirmed.*