COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

ROBYN LAVINE NENNINGER

v.   Record No. 1415-95-3

LOUIS CHARLES NENNINGER, III

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 30, 1996

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James F. Ingram, Judge

(Barbara Hudson, on briefs), for appellant.

(Robert J. Smitherman; Daniel, Vaughan, Medley &
Smitherman, on brief), for appellee.


Robyn Lavine Nenninger (mother) appeals the decision of the circuit court denying her motion for support arrearages and increased child and spousal support from Louis Charles Nenninger, III (father).  On appeal, mother raises the following issues: whether the trial court abused its discretion in refusing to certify her hearing transcript and written statement, whether the trial court erred in refusing to award support arrearages, and whether the trial court entered a void child support order that deviated from the statutory child support guidelines.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

<u>Refusal to Certify Transcript</u>

The trial court hearing was conducted on April 20, 21, 26 and 27, 1995, and was transcribed by a court reporter. The final decree was entered on June 14, 1995. Mother filed a partial transcript of the hearing and a written statement in lieu of transcript with the trial court on June 23, 1995, to which father objected. On August 21, 1995, the trial judge entered a "Statement In Lieu of Judges's [sic] Certificate Pursuant to Rule 5A:8," in which the judge found that he was unable to sign mother's written statement. The judge noted that the hearing took four days, a full transcript was available, he had insufficient recollection to certify the proposed statement, and mother had the economic means to obtain a complete transcript.

The trial judge did not err by refusing to certify mother's written statement. <u>White v. Morano</u>, 249 Va. 27, 30, 452 S.E.2d. 856, 858 (1995). In interpreting Rule 5:11(d), which parallels the provisions of Rule 5A:8, the Virginia Supreme Court stated that it would not transfer from an appellant to a trial judge "the burden to draft narrative statements when, as here, a court reporter was present at trial and, due to the passage of time and lack of notes, the judge could not remember the testimony well enough to certify a disputed narrative." <u>Id.</u> at 32, 452 S.E.2d at 859. Moreover, mother's financial ability to obtain a complete transcript was not significant. <u>Id.</u>

Accordingly, our review of the additional arguments raised

by mother in her appeal is limited to the record before us.

> Because the judgment of the court below is presumed to be correct, the onus is upon the appellant to provide the reviewing court with a sufficient record from which it can be determined whether the trial court erred as the appellant alleges. If an insufficient record is furnished, the judgment appealed from will be affirmed.

Id. at 30, 452 S.E.2d at 858.

### Support Arrearages

Mother sought to recover support arrearages based upon the support award made by the juvenile and domestic relations district court, which was appealed to the circuit court. Upon entry of the circuit court's support order, the district court order was superseded. "Orders of the district court requiring support of a spouse remain in full force and effect until reversed or modified by the court to which an appeal has been perfected . . . ." Martin v. Bales, 7 Va. App. 141, 145-46, 371 S.E.2d 823, 826 (1988) (emphasis added). See Code § 20-79(a).

Although this Court subsequently ruled that the circuit court's order was erroneous, the circuit court had jurisdiction over the subject matter and the parties. Its order, though reversed, was not void. "A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987) (citations omitted). The reversal of the circuit court's order did not revive the superseded district court order, which

3

had been annulled "as completely as if there had been no previous trial." Walker v. Department of Public Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982).

The record before us is not sufficient to determine what facts formed the basis for the trial court's decision. Therefore, mother has failed to demonstrate either factual or legal error in the trial court's finding that no support arrearages existed.

## Child Support

The trial court's calculation of child support is based upon father's monthly income of $7,341, minus $635 in spousal support, and $1,000 in monthly income imputed to mother. Mother contends the trial court erred in failing to include a 1994 bonus of $19,866, which was received in April 1995, and that the trial court's order is void because the court deviated from the statutory guidelines without making written findings. The record on appeal is insufficient for us to determine what findings the trial court made concerning father's bonus payment and whether there was evidence to support those findings. Therefore, in the absence of a sufficient record, we cannot say the trial court committed error.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

4