COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Elder
Argued at Richmond, Virginia


ROBERT THRIFT, BARBARA THRIFT
 AND NANCY ANN THRIFT
                                        OPINION BY
v.          Record No. 0015-96-2    JUDGE JERE M. H. WILLIS, JR.
                                        AUGUST 6, 1996
ALAN BALDWIN AND CHARON BALDWIN


        FROM THE CIRCUIT COURT OF NORTHUMBERLAND COUNTY
               Joseph E. Spruill, Jr., Judge

        George W. Townsend, III, for appellants.

        Charles J. McKerns, Jr. (McKerns & McKerns,
        on brief), for appellees.


        Dale and Nancy Thrift were the parents of five children:

Nancy Ann, Dale, Christy, Brenda, and Kelly.  The eldest child,

Nancy Ann, was adopted by her paternal grandparents, Robert and

Barbara Thrift.  On January 10, 1990, the Department of Social

Services removed the four younger children from their parents'

home.  Dale, Christy, and Brenda were adopted by Alan and Charon

Baldwin.  The youngest child, Kelly, was adopted by another

family and is not involved in this appeal.

        Robert and Barbara Thrift, biological paternal grandparents,

and Nancy Ann Thrift, biological sibling, (hereinafter referred

to collectively as the Thrifts) petitioned the juvenile and

domestic relations district court for visitation with the three

children adopted by the Baldwins (the children).  The juvenile

and domestic relations district court granted visitation and the

Baldwins appealed to the trial court, which concluded "that the

adoption proceedings which severed the tie between parent and child also severed the tie between grandparent and grandchild. . . . [The children's] legal ties to Mr. and Mrs. Thrift were dissolved. Therefore, the petitioners do not have standing to maintain this proceeding." The trial court did not consider the case on the merits, but dismissed the Thrifts' petition for lack of standing. We hold that this ruling was erroneous and reverse the judgment of the trial court.

> Code § 16.1-241(A) provides, in pertinent part:
> The authority of the juvenile court to adjudicate matters involving the . . . visitation . . . of a child shall not be limited to the consideration of petitions filed by a mother, father or legal guardian but shall include petitions filed at any time by any party with a legitimate interest therein. A party with a legitimate interest shall be broadly construed and shall include, but not be limited to, grandparents and other blood relatives and family members.

The statute enjoins a broad construction of the term "[a] party with a legitimate interest." We hold that this term means not only a party possessed of legal rights with respect to the child, but also any party having a cognizable and reasonable interest in maintaining a close relationship with the child. The statute expressly provides that the term shall include "grandparents and other blood relatives." Although the adoption of the children by the Baldwins extinguished the Thrifts' legal grandparental and sibling relationship, see Code § 63.1-233; see also Cage v. Harrisonburg Dep't of Social Services, 13 Va. App. 246, 410 S.E.2d 405 (1991), the blood relationship continues.

Code § 16.1-241(A) expressly confers standing to seek visitation.

This holding addresses only standing to seek visitation, not the right to enjoy visitation. The determination of visitation must be made by a properly constituted court, upon a hearing on the merits, in accordance with well-established standards.

We hold that the trial court erred in ruling that the Thrifts lacked standing to seek visitation and in dismissing their petition on that ground without a hearing on the merits. Accordingly, we reverse the judgment of the trial court and remand the case to it with direction to reinstate the petition and to consider the matter on its merits.

<u>Reversed and remanded</u>.