COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Senior Judge Baker


KATHLEEN G. ROCKER
                                            MEMORANDUM OPINION[*]
v.   Record No. 0392-98-2                        PER CURIAM
                                              AUGUST 25, 1998
TIMOTHY EARL BROWN
AND
ANNE MARIE TOLER BROWN


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      James B. Wilkinson, Judge

            (Kathleen G. Rocker, pro se, on briefs).

            (Rose McC. Alexander, on brief), for
            appellees.


        Kathleen G. Rocker appeals the decision of the circuit court

granting the petition filed by Timothy Earl Brown and Anne Marie

Toler Brown to adopt Christina Marie Schutte.  Ms. Rocker is the

mother of Christina's birth father, Joel Rocker.  On appeal, Ms.

Rocker contends that the trial court erred by:  (1) not applying

the best interests of the child criteria as required by Code

§§ 20-124.3 and 63.1-225.1; (2) failing to consider the

relationship established between Kathleen Rocker and the child,

contrary to the best interests of the child; (3) not first

requiring the adoptive parents to petition for an interlocutory

order of adoption as required pursuant to Code § 63.1-230 prior

to granting the adoptive parents "leave to submit a final order

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of adoption to the court"; (4) overriding the primacy of the parents to the care and custody of the child without first finding the birth father to be unfit; (5) determining that the birth father withheld his consent to the adoption contrary to the best interests of the child; and (6) failing to consider that the birth father's efforts to assert parental rights were thwarted by other people pursuant to Code § 63.1-225.1. In their brief, the Browns also raise as an issue whether Kathleen Rocker has standing to bring this appeal. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Kathleen Rocker and her son objected to the petition to adopt filed by the Browns. They jointly filed a Memorandum in Support of Objection to Adoption. In that memorandum, the only issue argued was that the evidence did not support a finding that Joel Rocker withheld his consent contrary to the best interests of the child. The memorandum also indicated that Kathleen Rocker objected to the adoption because she had not received visitation as previously ordered.

The final order of adoption noted that "father excepts and objects for the reasons previously heard." However, no objections appear on the face of either the order which found that Joel Rocker withheld his consent to the adoption contrary to the best interest of the child or the final order of adoption.

-2-

The Rockers did not file a motion to reconsider.  No transcript or written statement of facts preserving objections made by either Joel Rocker or Kathleen Rocker is included in the record.

The Court of Appeals will not consider an argument on appeal which was not presented to the trial court.  See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).  The record does not indicate that Issues 2, 3, or 6 were raised before the trial court.  The onus of providing a sufficient record on appeal falls upon Kathleen Rocker as the party seeking to reverse the circuit court's decision.  See White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995).  "We cannot assume that appellant's objection and reasons were proffered but not made a part of the record.  Rule 5A:8 requires appellant to present a complete transcript for this Court to consider his or her issues on appeal."  Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) (en banc).  Accordingly, Rule 5A:18 bars our consideration of Issues 2, 3, and 6 on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

The remaining Issues 1, 4, and 5 arguably were raised by the Memorandum in Support of Objection to Adoption when the birth father objected to the adoption of the child.  See Code § 63.1-225.  However, Joel Rocker did not appeal the circuit court's order granting the adoption.  Kathleen Rocker has no

statutory authority to assert her son's arguments regarding the adoption.

> "[I]t is well settled that 'in order to entitle any person to maintain an action in court it must be shown that he has a justiciable interest in the subject matter in litigation; either in his own right or in a representative capacity.'"

Pearsall v. Virginia Racing Comm'n, 26 Va. App. 376, 381, 494 S.E.2d 879, 882 (1998) (quoting Citizens for Clean Air v. Commonwealth ex rel. State Air Pollution Control Bd., 13 Va. App. 430, 435, 412 S.E.2d 715, 718 (1991)). "An individual or entity does not acquire standing to sue in a representative capacity by asserting the rights of another, unless authorized by statute to do so." W.S. Carnes, Inc. v. Board of Supervisors, 252 Va. 377, 383, 478 S.E.2d 295, 300 (1996).

This case is distinguishable from Thrift v. Baldwin, 23 Va. App. 18, 473 S.E.2d 715 (1996), in which we held that, following termination of parental rights and subsequent adoption, grandparents and siblings still retained standing to seek visitation as a "party with a legitimate interest" under Code § 16.1-241(A)(6), despite the absence of any legal relationship. Id. at 20, 473 S.E.2d at 716. But the visitation rights which the parties were pursuing were their own. Kathleen Rocker may not assert as her own claims whatever arguments Joel Rocker could have raised on appeal.

In summary, we find no evidence that Issues 2, 3, and 6 were raised before the trial court or preserved for review on appeal.

We find that Kathleen Rocker lacks standing to raise on appeal Issues 1, 4, and 5 which challenge the trial court's finding that Joel Rocker withheld consent to the adoption of the child contrary to the best interests of the child.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.