COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


PEYTON L. MORGAN, III

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1402-00-3            JUDGE ROSEMARIE ANNUNZIATA
                                           FEBRUARY 6, 2001
KATHERINE ANN ROSE


              FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                        Richard S. Miller, Judge

              Patricia McAdams Gibbons (Patricia McAdams
              Gibbons, P.C., on brief), for appellant.

              No brief or argument for appellee.


     The appellant, Peyton Morgan, III, appeals the decision of

the trial court reducing his spousal support obligation owed to

his former spouse, Katherine Rose, by an amount he contends is not

supported by the evidence.  He specifically contends the trial

court erred in failing:  (1) to determine whether his former

spouse was underemployed, thus justifying an imputation of income;

(2) to award a reduction of support commensurate with the material

change in circumstance established by the evidence; and (3) to

make a finding at the hearing of the actual amount of income

received by his former spouse and her need for continued support.

Morgan also contends the trial court erred in amending the

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

statement of facts submitted by Morgan.  For the following reasons, we affirm.

## BACKGROUND

On appeal we review the evidence in the light most favorable to Rose, the party prevailing below.  Richardson v. Richardson, 30 Va. App. 341, 346, 516 S.E.2d 726, 728-29 (1999).  The parties were married on April 23, 1983 and were divorced by final decree entered on September 2, 1993.  The parties' one minor child resides with Morgan.  At the time of the divorce, spousal support in the amount of $750 per month was awarded to Rose.

In July, 1996, Morgan petitioned the City of Lynchburg Circuit Court for a reduction in spousal support.  The court reduced spousal support from $750 to $650 per month.  On December 9, 1999, Morgan petitioned the City of Lynchburg Juvenile and Domestic Relations District Court for a further reduction and/or termination of spousal support.  The court denied the petition, and Morgan appealed that ruling to the City of Lynchburg Circuit Court.  By order of the circuit court entered June 1, 2000, spousal support was decreased by $50 and Morgan was ordered to pay Rose $600 per month.  This appeal followed.

At the hearing in circuit court, Morgan alleged there had been a material change in the financial circumstances of the parties that justified a modification in the amount of spousal support.  Rose had secured a part-time job in the thirteen months that had elapsed since the former court-ordered support.  Rose's

-

job is seasonal; she works at a plant nursery except during the months of January and February and in late summer when full-time work at the nursery is not available. Her gross monthly pay, averaged on an annual basis, is a little over $1,000 per month. The court found this income represented "only a small change in circumstances since the divorce." Although Morgan alleged Rose was underemployed, he presented no evidence to establish the nature and level of any education, skills or other work experience Rose had, nor did Morgan present evidence on the availability of employment positions commensurate with Rose's education, skill level or experience. The record also reflects Rose receives $20,000 annually as a gift from her parents, a circumstance the court found had not changed since the divorce. According to the financial statement received in evidence, Rose's needs remained essentially the same as they were in 1996, the date of the last support modification, except for consumer debt which had increased from $268 per month to $2,348 per month.

In 1998, Morgan was involuntarily terminated from his job as a manager of engineering-technical services at Ericsson in Lynchburg where he earned $73,000 per year. He was awarded severance pay for twenty-three weeks, and ultimately went into business for himself after he was unsuccessful in obtaining a lateral entry position with First Colony Insurance and Framatome. He declined employment near his former level in

-

Northern Virginia on the ground it would require relocation for both himself and the parties' daughter who visits with Rose weekly.  Morgan determined that "relocating would have radically altered his daughter's relationship with her mother" and that the move would not be in their daughter's best interest.  The court found Morgan had voluntarily decided to not seek a position of comparable pay, and to become self-employed at a lesser income.[1]  Morgan earned $26,000 in 1999 and reported expected gross receipts in the year 2000 in the amount of $50,000, which would net him approximately $43,000 in business income.  Morgan expected his income from his self-employment to increase in the future.  His financial statement showed a monthly deficit in the amount of $510.63 which was paid by his present wife.

## ANALYSIS

The decision to award spousal support and the determination of the amount to award are matters within the discretion of the trial court.  Stubblebine v. Stubblebine, 22 Va. App. 703, 707, 473 S.E.2d 72, 74 (1996).  The court's decision will not be disturbed on appeal unless plainly wrong or without evidence to support it.  Reece v. Reece, 22 Va. App. 368, 372, 470 S.E.2d 148, 151 (1996).

---

[1] Although Morgan now alleges on appeal that the court erred in finding he was voluntarily underemployed, Morgan never objected at the trial level to the court's finding; therefore, he failed to preserve this issue for appeal.  Rule 5A:18.

-

Morgan first contends the trial court erred in failing to impute income to Rose. We disagree. In the absence of evidence of Rose's abilities and the availability of other positions for which she could reasonably be employed, the trial court had no basis for determining that she was underemployed and that imputation was warranted. Id. at 374-75, 470 S.E.2d at 151-52.

Morgan next contends the trial court erred in failing to award a reduction of support commensurate with the "material change in circumstances" established in the case. Specifically, he contends that the trial court failed to consider the gift income Rose received from her parents in the amount of $20,000 annually. However, the court found that Rose had been receiving the $20,000 annually since before the parties separated; therefore, the receipt of gift income did not constitute a change of circumstance from the original divorce decree and spousal support award. Although Morgan alleges on appeal that the $20,000 parental gift had never before been considered by a court in determining the award amount, there is no evidence in the limited record we have before us on appeal to support that allegation. White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) ("[T]he onus is upon the appellant to provide the reviewing court with a sufficient record from which it can be determined whether the trial court erred as the appellant alleges."). Therefore, we cannot find the trial court erred in finding the receipt of the gift income did not constitute a

-

change in circumstance warranting a reduction in the support award.

Morgan next contends the trial court erred in failing to make a finding of the actual amount of income received by Rose and in failing to find a continued need for support. Morgan cites no authority in support of the contention that the court must make an explicit finding of income and need as a predicate to modifying support, and we have found none. We therefore find his contentions to be without merit.

Similarly, Morgan's final contention that the trial court erred in "altering the Statement of Facts by adding a Memorandum that was written by the trial Judge after the hearing" is without merit. Under Rule 5A:8, the trial judge is responsible for certifying the written statement of facts. The rule specifically provides that "[a]t any time while the record remains in the office of the clerk of the trial court, the trial judge may, after notice to counsel and hearing, correct the transcript or written statement." In this case, the trial court held a hearing on June 28, 2000 concerning the content of the statement of facts. At that hearing, the trial court made known to the parties the corrections and additions it was making to the statement, and both parties signed the amended statement. Because we find the trial court's actions were authorized by Rule 5A:8, we find no merit in Morgan's final contention.

-

For the reasons stated in this opinion, we affirm.

Affirmed.