COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Bumgardner
Argued at Richmond, Virginia


PAULA ANN RUSSO ROMAINE

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2933-00-2     JUDGE RUDOLPH BUMGARDNER, III
                                         JULY 3, 2001
DONALD FRANCES ROMAINE


              FROM THE CIRCUIT COURT OF CHARLOTTE COUNTY
                   Charles E. Poston, Judge Designate

              Richard P. Kruegler (Durrette, Irvin &
              Bradshaw, PLC, on briefs), for appellant.

              Donald Frances Romaine, pro se.


     Paula Ann Russo Romaine and Donald Frances Romaine were

divorced by final decree dated November 10, 2000.  That decree

also resolved custody of their two children and prohibited the

wife from taking the children on door-to-door, church

visitations.  We affirm the trial court's ruling[1] because the

record is insufficient to determine the issue raised on appeal.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] In his appellee's brief, the husband raises several issues
on appeal.  We do not address them because they are either moot
or not properly preserved for appeal, or the record is
inadequate for us to determine whether the trial court erred.
Rule 5A:18; White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858
(1995) (adequate record required); Weidman v. Babcock, 241 Va.
40, 44, 400 S.E.2d 164, 167 (1991) (objection must be made
before trial court); Buchanan v. Buchanan, 14 Va. App. 53, 56,
415 S.E.2d 237, 239 (1992) (statements must be supported by
argument, authority, or citations to record).

The trial court heard evidence on March 15, 2000, and made an interim ruling that permitted the wife to take the children on door-to-door, church visitations.  The trial court reversed that ruling after a hearing held on October 10, 2000.  The final order contains a restriction prohibiting the children from going door-to-door for "charitable or religious causes."  The decision memoranda and the final decree make clear the trial court based its decision on evidence heard October 10, 2000.  However, the record contains neither a transcript of that hearing nor a written statement of facts from the proceedings.

An appellant must provide a sufficient record for the appellate court to determine if the trial court erred.  "If an insufficient record is furnished, the judgment appealed from will be affirmed."  White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) (citation omitted).  In the absence of a transcript or statement of facts from the crucial October hearing, the wife has failed to present an adequate record for us to address her appeal.  Accordingly, we affirm the trial court.

Affirmed.

-