COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


STANISLAW W. ZAJACZKOWSKI
                                     MEMORANDUM OPINION*
v.    Record No. 0285-01-4              PER CURIAM
                                        JULY 24, 2001
JOLANTA T. ZAJACZKOWSKA


           FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Jane Marum Roush, Judge

          (Stanislaw W. Zajaczkowski, pro se, on
          brief).

          No brief for appellee.

          (Thomas P. Sotelo, Guardian ad litem for
          infant child; Keegan & Sotelo, PLC, on
          brief).


     Stanislaw W. Zajaczkowski (father) appeals the decision of

the circuit court awarding custody of his minor son, Jan

Zajaczkowski, to Jolanta T. Zajaczkowska (mother).  On appeal,

father contends that the trial court erred in (1) failing to sign

the statement of facts, (2) failing to enter a finding of

inconvenient forum, (3) failing to contact and coordinate

jurisdiction with the Warsaw Family Court, (4) failing to consider

and grant motions filed via International Express Mail on December

24, 2000 and noticed for January 5, 2001, and (5) awarding the

full amount of fees and expenses claimed by the guardian ad litem.

─────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit as to the first issue raised by father.  We also conclude that a transcript or statement of facts is indispensable to a determination of the other four issues, therefore, we dismiss the appeal as to those. Accordingly, we summarily affirm the decision of the trial court in part and dismiss in part.  See Rule 5A:27.

## Procedural Background

Father and mother separated in 1990 and have been involved in a protracted custody dispute involving their son, Jan.  The court initially awarded custody of Jan to mother, but in a September 25, 1992 order, the court transferred custody to father.  The parties were divorced on September 7, 1993.  Father then relocated to Warsaw, Poland with Jan.  In 1996, mother brought Jan back to the United States.  In 1998, the trial court again awarded custody of Jan to father.  Jan returned to Poland with his father in June 1999 but fled the country on November 6, 2000 and returned to Virginia.  On December 1, 2000, the trial court found mother in contempt and awarded temporary custody of Jan to the Department of Family Services.  On December 6, 2000, the trial court heard arguments on the guardian ad litem's emergency motion to compel mother to produce Jan and mother's motion for temporary custody. The trial court deferred its ruling until January 5, 2001 at which time it also heard the guardian ad litem's motion for fees.  The court awarded the guardian ad litem $14,786.57 in fees, denied

-

mother's motion for temporary custody, and referred all other matters concerning the custody of Jan to the juvenile and domestic relations district court.  Father filed several motions which the trial court received on January 4, 2001 and declined to hear at the January 5, 2001 hearing.  In a letter dated April 3, 2001, the trial court declined to sign the statement of facts proffered by father.

## Analysis

### I.

The trial judge stated in her letter opinion that it had been four months since the trial, that she had heard hundreds of cases in the interim, that a court reporter was present at the December 6, 2000 hearing, and that she had relied on the court reporter so did not take extensive notes.  Consequently, the trial judge concluded that she was unable to certify the statement of facts provided by father.  The trial judge acted reasonably in refusing to sign the proposed statement of facts where several months had passed since the hearing and she relied upon the presence of the court reporter.  White v. Morano, 249 Va. 27, 452 S.E.2d 856 (1995).

### II. through V.

No transcript or certified statement of facts was filed in this case.  Father asserts that the trial court erred in failing to enter a finding of inconvenient forum, failing to contact and coordinate jurisdiction with the Warsaw Family Court, failing to

-

consider and grant several motions filed via mail and, awarding the full amount of fees and expenses claimed by the guardian <u>ad litem</u>.

Since a transcript or statement of facts is indispensable to a determination of these issues, the appeal must be dismissed in part. <u>See</u> <u>Anderson v. Commonwealth</u>, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); <u>Turner v. Commonwealth</u>, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Accordingly, we summarily affirm the decision of the trial court in part and dismiss in part. <u>See</u> Rule 5A:27.

<u>Affirmed in part and</u>
<u>dismissed in part</u>.

-