COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Clements and Agee
Argued at Salem, Virginia


LEROY SKEEN

MEMORANDUM OPINION[*] BY
v.   Record No. 0801-00-3        JUDGE RICHARD S. BRAY
                                 AUGUST 7, 2001
GLENDA NELL (PARSONS) SKEEN


FROM THE CIRCUIT COURT OF WISE COUNTY
J. Robert Stump, Judge

(John M. Lamie; Nicole Musgrave Price;
Browning & Lamie, P.C.; MusgravePrice, P.C.,
on briefs), for appellant.

Robert M. Galumbeck (Dudley, Galumbeck,
Necessary and Dennis, on brief), for
appellee.


Leroy Skeen (husband) appeals from a "Decree Regarding

Equitable Distribution" entered by the Wise County Circuit Court.

Husband contends the court erroneously (1) calculated the

"separate contributions" of his wife, Glenda Nell (Parsons) Skeen

(wife), to the "marital residence"; (2) included his "former

savings and investment plan in the marital estate"; and (3)

assigned a $25,000 value to "the business, Lee's Quick Lube."  As

a threshold issue, wife contends the husband failed to comply with

Rules 5A:8 and 5A:25 and urges us to dismiss the appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

I.

Wife filed a "Bill of Complaint" for divorce on April 26, 1994, alleging "mental and physical cruelty" and desertion. In response, husband denied such misconduct and, by "Cross-Bill of Complaint," alleged adultery by wife and also prayed for divorce. Thereafter, the parties noticed one another with the taking of numerous depositions and submitted a plethora of motions to the court, together with related briefs and arguments. After "consider[ing] the . . . pleadings, all depositions with exhibits [and] counsel briefs," the trial court entered a final decree of divorce on March 16, 1995, granting husband a divorce a vinculo matrimonii on the ground of adultery pursuant to Code § 20-91(1), "reserv[ing] for subsequent decision" the "issue of equitable distribution."

During the ensuing four years, the parties pursued additional depositions[1] and, again, presented an array of motions and related briefs and arguments to the court. Thereafter, the court "considered the evidence, the record, memoranda, and argument . . ., as well as all of the factors set forth in § 20-107.3 of

_____

[1] The trial court file includes eight transcripts of depositions of the parties and others, taken pursuant to notices by counsel that specified either "to be read as evidence" or for "discovery."

-

the Code," and entered a "Decree Regarding Equitable Distribution" on March 15, 1999.  However, upon motion of husband, the court vacated the decree on April 5, 1999, and conducted a further hearing on February 3, 2000.  Wife then moved the court to "re-enter" the earlier decree, despite husband's objections. Following additional argument presented through written memoranda of counsel, the court, on March 30, 2000, entered the decree in issue, and husband appeals.

## II.

> [O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.  If the appellant fails to do this, the judgment will be affirmed.

Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961) (citations omitted); see White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) (citation omitted).  Thus, the burden clearly rests upon the appellant, the party alleging reversible error, to demonstrate "that reversal is the remedy to which he is entitled."  Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citation omitted).

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court."  Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993)

-

(citation omitted).  Accordingly, "[w]e may act only upon facts contained in the record" provided to us incident to an appeal. Id. (emphasis added).

"The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment," provided appellant otherwise complies with Rule 5A:8.  Rule 5A:8(a).  "In lieu of a transcript, a written statement of facts, testimony, and other incidents of the case" becomes a part of the record when filed and approved in accordance with Rule 5A:8(c).  Rule 5A:8(c).  Importantly, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered."  Rule 5A:8(b); see Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Our review of the instant appeal clearly discloses that either transcripts of the proceedings below or, in the alternative, a written statement of facts is "indispensable to the determination of the case" by this Court.  Turner, 2 Va. App. at 99, 341 S.E.2d at 402.  However, neither is properly a part of the record before us and, therefore, "we must dismiss the appeal on the ground that the record on appeal is

-

insufficient to fairly and accurately determine the issues

presented."  Id.

Husband's reliance upon Rule 5A:7 to support his argument

that the record includes "[t]ranscripts of depositions . . .

filed as a part of the record but before the final decree" is

without merit.[2]  Rule 5A:7 provides that the "record on appeal

from the trial court" is comprised, in pertinent part, of

> (1) . . . any report of a commissioner in
> chancery and the accompanying depositions
> and other papers;
>
>  *       *       *       *       *       *       *
>
> (3) each exhibit offered in evidence . . .
> and initialed by the trial judge . . .;
>
>  *       *       *       *       *       *       *
>
> (6) any deposition and any discovery
> material encompassed within Part Four
> offered in evidence . . . at any proceeding;[3]
> and
>
> (7) the transcript of any proceeding or a
> written statement of facts, testimony, and
> other incidents of the case when made a part
> of the record as provided in Rule 5A:8
> . . . .

The record before us discloses that no commissioner in chancery

was involved in the proceedings, numerous documentary proofs and

other "exhibits" attended the depositions but, like the related

---

[2] Husband contends "there was no trial, . . . so [he] filed no transcripts, . . ." thereby dispensing with the requirements of Rule 5A:8.

[3] "Depositions shall become a part of the record only to the extent that they are offered in evidence."  Rule 4:7(f).

-

depositions, were not properly offered and received into evidence, and no transcript or written statement of facts was filed pursuant to Rule 5A:8. Accordingly, Rule 5A:7 does not contemplate inclusion of the transcripted depositions as a part of the instant record on appeal.

We, therefore, dismiss the appeal.

<u>Dismissed.</u>