COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia

DAVID M. D. LANNES
                                              MEMORANDUM OPINION[*] BY
v.       Record No. 1321-04-2              JUDGE ROBERT P. FRANK
                                                  MAY 3, 2005
MARISOL FERNANDEZ LANNES


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

Janet E. Moran for appellant.

Richard L. Locke (Robert W. Partin; Locke & Partin, PLC, on brief),
for appellee.


David M.D. Lannes, appellant/husband, contends the trial court erred in (1) improperly

valuing husband's business, AnnaZach Software; (2) setting child support; (3) setting spousal

support; (4) granting spousal support for thirteen years; and (5) allowing each party to retain

possession of the personal property obtained at the time of separation. Both parties request

attorney's fees on appeal. For the reasons stated, we affirm.

BACKGROUND

Husband and wife were married on December 22, 1989 in New Orleans, Louisiana. The

parties separated in August of 2002. Husband owns AnnaZach Software, a company which

provides highly customized security software and services to nuclear power plants. AnnaZach

has no physical assets, and husband is the only employee. The wife does not work, but has

custody of the couple's two minor children.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A primary source of dispute between husband and wife is the value of AnnaZach Software. On November 2, 2003 the parties presented evidence to the trial court regarding equitable distribution, spousal support, and child support. Each presented expert testimony as to the value of AnnaZach. Husband's expert, Dr. Stanley Feldman, using a fair market value approach, valued the business at $0. Wife's expert, William Dacey, applied an intrinsic value approach and concluded AnnaZach's worth to be $313,048. The experts differed in three major areas of husband's income, business profit, and capitalization rate.

On March 2, 2004, the trial court issued a letter opinion accepting Mr. Dacey's valuation. Based upon the parties' incomes, business profit, and relative expenses, the court awarded wife $2,500 per month spousal support for thirteen years, and child support in the amount of $1,410.57 per month. The court allowed each party to retain possession of any personal property taken at the time of separation.

ANALYSIS

EQUITABLE DISTRIBUTION

Husband contends the trial court erred in valuing AnnaZach software at $313,048, arguing first that the award was based upon evidence that did not include the most current financial information, and second that the court applied inconsistent reasoning in determining husband's salary, average income of the business, and capitalization rate. Husband's expert, Dr. Feldman, valued the business at $0. Wife's expert, Mr. Dacey, set a value of $313,048. In its opinion letter, the trial court explained that it examined the various factors presented by both experts and determined the intrinsic value of AnnaZach software to be $313,048.

Because intrinsic value must depend on the facts of the case, we give great weight to the findings of the trial court. Howell v. Howell, 31 Va. App. 332, 339, 523 S.E.2d 514, 517 (2000). "We affirm if the evidence supports the findings and if the trial court finds a reasonable

evaluation based on proven methodology and on the application of it to the particular facts of the case." Id. (citation omitted). The "value of property is an issue of fact, not of law." Id. at 340, 523 S.E.2d at 518. We will not disturb a trial court's finding of the value of an asset unless the finding is plainly wrong or unsupported by the evidence. Rowe v. Rowe, 24 Va. App. 123, 140, 480 S.E.2d 760, 768 (1997); Traylor v. Traylor, 19 Va. App. 761, 763-64, 454 S.E.2d 744, 746 (1995). Further, absent clear evidence to the contrary in the record, the judgment of a trial court comes to an appellate court with a presumption that the law was correctly applied to the facts. Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977). In challenging the court's decision on appeal, the party seeking reversal, in this case, husband, bears the burden of demonstrating error on the part of the trial court. D'Agnese v. D'Agnese, 22 Va. App. 147, 153, 468 S.E.2d 140, 143 (1996) (citing Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992)).

As to Dr. Feldman's testimony, the record filed with this Court does not contain Feldman's direct testimony. The record contains only his cross-examination, re-direct, re-cross, and re-direct testimony. The record contains neither the direct nor cross-examination testimony of Mr. Dacey. It contains only the rebuttal, and the cross-examination and re-direct rebuttal testimony of Mr. Dacey.[1] Thus, we are limited to testimony adduced in Dr. Feldman's cross-examination and Mr. Dacey's rebuttal to resolve the issues before us.

There is nothing in the record for us to determine if the trial court's rejection of Feldman's valuation was error. Here, as is often the case, we have conflicting testimony of two experts. The trial court accepted Dacey's valuation, rejecting Feldman's. Appellant, to sustain his burden on appeal, must convince us the trial court's finding is plainly wrong or unsupported by the evidence. Rowe, 24 Va. App. at 140, 532 S.E.2d at 786.

---

[1] No statement of facts in lieu of a transcript was filed in accordance with Rule 5A:8(c).

While certain facts can be gleaned from the cross-examination of Feldman and the rebuttal testimony of Dacey, without the full testimony of each expert, we are left with the futile task of having to interpret a portion of each expert's opinion without the context of the testimony in full. Thus, from the record before us it is impossible to determine how and why Feldman arrived at his ultimate opinion on valuation.

"'[A]n appellant has the primary responsibility of ensuring that a complete record is furnished to an appellate court so that the errors assigned may be decided properly.'" Twardy v. Twardy, 14 Va. App. 651, 654, 419 S.E.2d 848, 850 (1992) (quoting Ferguson v. Commonwealth, 10 Va. App. 189, 194, 390 S.E.2d 782, 785 (1990)). The importance of the record is obvious, for it is axiomatic that an appellate court's review of the case is limited to the record on appeal. See Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). Without providing this Court with the direct testimony of his expert, appellant has failed to show how the trial court erred in accepting Dacey's valuation over Feldman's. Without a complete record, we cannot say that the determination of the trial court was plainly wrong.

"If an insufficient record is furnished, the judgment appealed from will be affirmed." White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995). As appellant provides us no basis in the record upon which to consider his allegation of error, we find no error in the trial court's equitable distribution award.[2]

---

[2] Husband contends the record is adequate to support his position, referencing the detailed findings in the trial court's opinion letter dated March 2, 2004. Specifically, husband refers to the trial court's finding that he did not consider the 2003 income. However, we cannot determine whether the trial court erred in not considering the 2003 income because we do not have the benefit of the experts' complete testimony.

CHILD AND SPOUSAL SUPPORT

Appellant argues that the trial court erred in setting child support.  Appellant claims the $144,000 annual income, or $12,000 per month, is based on the valuation of AnnaZach Software which erroneously failed to include information available for 2003.

Appellant also contends the trial court erred in setting the amount of spousal support.  Essentially, appellant argues that the award of spousal support is predicated upon the valuation of the business.  Having found no error in the valuation of AnnaZach, we find no error in the trial court's awards of spousal and child support.

Husband next contends the trial court's award of spousal support for a period of thirteen years was an abuse of discretion.  Husband argues that the trial court's finding that the wife "sacrificed her career goals in order to stay home with the parties' two children" was not consistent with the evidence.  He further contends that the trial court did not take into consideration the fact that the wife was able to purchase a home after the separation, has no mortgage or rent payment, and has received spousal support for two years.  We disagree.

Code § 20-107.1(C) provides that "[t]he court, in its discretion, may decree that maintenance and support of a spouse may be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof."

We find ample evidence in the record to support the trial court's determination.  The undisputed evidence is that the wife has a law degree from the University of Mississippi, but has not worked since 1994.  She has remained at home and cared for her children, currently ages 12 and 9, since her children were infants.  The trial court stated that the amount of the award "is sufficient to offset Ms. Lannes' personal expenses while she transitions into a new career with earning potential more suited to her advanced educational qualifications."  Clearly, the court

took into account Ms. Lannes' current and future financial condition when setting this award for thirteen years. Finding no "clear abuse of discretion," we will not disturb the trial court's decision to award support for thirteen years. See Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) ("Whether and how much spousal support will be awarded is a matter of discretion for the trial court.").

PERSONAL PROPERTY

Appellant contends the trial court erred in making the distribution of personal property without valuing the property. The wife values the personal household furnishings at $19,000 while the husband attributed a value of $47,000 to the same property. The trial court noted that each party had valued the personal property without offering any supporting evidence. The court ruled that "[s]ince the parties have already separated the property, and there is no basis upon which to make a value distribution, the Court declines to make any award with respect to personal property." The court allowed each party to retain possession of the property that he or she took at the date of separation.

The trial court may not base its valuations on mere guesswork, but the parties have the burden to provide the court with sufficient evidence from which it can value their property. Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989). While an owner is entitled to value his own property, a trial court is not bound to accept that testimony. See Haynes, Executrix v. Glenn, 197 Va. 746, 751, 91 S.E.2d 433, 437 (1956).

> It is generally recognized that the opinion testimony of the owner of property, because of his relationship as owner, is competent and admissible on the question of the value of such property, regardless of his knowledge of property values. It is not necessary to show that he was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of the value of what he

owns. The weight of such testimony is, of course, affected by his knowledge of the value.

Id. at 750, 91 S.E.2d at 436.

"When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question." Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987). Thus, we will not reverse the trial court's valuation determination "where the parties have had an adequate opportunity to introduce evidence but have failed to do so." Id.

In this case, the trial court, finding each party's assertions of value to be uncorroborated, declined to make an award. Contrary to husband's contention, the trial court did not make a distribution of the personal property. The court simply declined to make an award because the parties failed to produce sufficient evidence as to value. Each party retained the property in their possession. See Anderson v. Anderson, 29 Va. App. 673, 691, 514 S.E.2d 369, 379 (1999) ("In the absence of evidence upon which to base an equitable distribution of the parties' tangible personal property, no distribution could be made and the court did not err in failing to address the issue." (citation omitted)). Accordingly, we will not disturb the judgment of the trial court.

ATTORNEY'S FEES

Both parties request that this Court award costs and attorney's fees expended on appeal. Upon consideration of the entire record in this case, we hold that husband's arguments have no legal merit and wife is entitled to a reasonable amount of attorney's fees expended in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Accordingly, we remand for an award of attorney's fees incurred in this appeal, which should also include any additional attorney's fees and costs incurred at the remand hearing.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. We remand to the trial court for an award of attorney's fees incurred by wife in this appeal and at the remand hearing.

<u>Affirmed and remanded.</u>