COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Petty
Argued at Chesapeake, Virginia


BRENDA JOSEPH

                                                   MEMORANDUM OPINION* BY
v.        Record No. 1984-05-1                     JUDGE JAMES W. BENTON, JR.
                                                        JUNE 13, 2006
PORTSMOUTH DEPARTMENT
 OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            James A. Cales, Jr., Judge

              (Janice L. Scott, on brief), for appellant.  Appellant submitting on
              brief.

              Sheila Riddick, Assistant City Attorney (G. Timothy Oksman, City
              Attorney; Gregory K. Matthews, Guardian *ad litem* for the minor
              child, on brief), for appellee.


       Brenda Joseph contends the trial judge erred in ruling she was not a person "with a

legitimate interest" within the meaning of Code §§ 20-124.1 and 16.1-241(A) and, thus, not entitled

to be considered for custody of a minor child in this proceeding concerning the termination of the

parental rights of the minor child's father.  We agree, and we reverse the trial judge's order and

remand for further proceedings.

                                            I.

       Brenda Joseph, the paternal great great stepaunt of a nine-year-old child, filed a petition for

custody of the child in the juvenile and domestic relations district court.  When she filed her

petition, the child was in the custody and care of the Portsmouth Department of Social Services,

which had filed a petition to terminate the parental rights of Christopher E. Willis, the child's father.

_____
       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The juvenile court had earlier terminated the parental rights of Samantha M. Knapp, the child's mother. A home visit was conducted, and a hearing on Joseph's petition was docketed. On April 26, 2005, while Joseph's petition was pending, the juvenile court terminated the father's parental rights.

During the juvenile court's May 6, 2005 hearing on Joseph's petition, the child's guardian *ad litem* filed a motion to dismiss Joseph's petition, alleging she was not a "'person of legitimate interest' within the meaning of Code § 20-124.1" and she was not a "'person of legitimate interest' pursuant to Code § 20-124.1(ii) since the father's parental rights had been terminated immediately prior to the hearing." The Department joined in the motion to dismiss. Over Joseph's objection, the juvenile court judge ruled that he did not have jurisdiction to hear the matter because the father's parental rights had been terminated. The judge granted the motion to dismiss.

Joseph appealed the dismissal of her petition to the circuit court. The father appealed the termination of his parental rights. The appeals were scheduled to be heard together. On the day of the hearing, the trial judge terminated the father's parental rights.

When the trial judge considered Joseph's petition, the guardian *ad litem* moved to dismiss for the same reasons asserted in the juvenile court. The statement of facts indicates that Joseph testified she first met the child at a funeral in 2002 when the child was staying with the maternal grandmother. Joseph testified that she never visited the child at the home prior to the child entering foster care because "she did not want to be involved in the drug and alcohol lifestyle present in the child's home environment . . . ." She also testified that she helped rear the child's father when he was a minor. Responding to questions about her ability to manage the child's severe emotional problems, she testified that she researched emotional problems on the internet, but was unaware of the child's specific needs. She testified that "all the child needs [is] love."

The record indicates that the child was in a residential treatment facility for emotional problems at the time of the hearing and that the Department's goal is adoption for the child.

The trial judge denied Joseph's petition. The final order ruled as follows:

> Having heard all arguments of all of the parties and having considered all relevant evidence in this matter, this Court finds that [Joseph] is not a person with a legitimate interest nor is she a parent, step-parent, blood relative or family member of [the child] within the meaning of Virginia Code Sections 16.1-241 and 20-124.1 and therefore, her custody Petition for [the child] should be dismissed.

## II.

"Under Virginia law, an individual who is not the biological parent of a child may, under certain circumstances, petition for [custody of] that child." Surles v. Mayer, 48 Va. App. 146, 162, 628 S.E.2d 563, 570 (2006). Indeed, Code § 16.1-241(A) provides as follows:

> The authority of the juvenile court to adjudicate matters involving the custody . . . of a child shall not be limited to the consideration of petitions filed by a mother, father or legal guardian but shall include petitions filed at any time by any party with a legitimate interest therein. A party with a legitimate interest shall be broadly construed and shall include, but not be limited to, grandparents, stepparents, former stepparents, blood relatives and family members. A party with a legitimate interest shall not include any person (i) whose parental rights have been terminated by court order, either voluntarily or involuntarily, (ii) whose interest in the child derives from or through a person whose parental rights have been terminated by court order, either voluntarily or involuntarily, including, but not limited to, grandparents, stepparents, former stepparents, blood relatives and family members, if the child subsequently has been legally adopted . . . . The authority of the juvenile court to consider a petition involving the custody of a child shall not be proscribed or limited where the child has previously been awarded to the custody of a local board of social services.

Code § 20-124.1 provides the same definition for "person with legitimate interest."

As we recently held in Surles, 48 Va. App. at 164, 628 S.E.2d at 572, "the legislature expressly stated that the phrase 'person with a legitimate interest' is to be 'broadly construed to

- 3 -

accommodate the best interest of the child.'" In <u>Thrift v. Baldwin</u>, 23 Va. App. 18, 19, 473 S.E.2d 715, 716 (1996), we held that "[a person with a legitimate interest] means not only a person possessed of legal rights with respect to the child, but also any party having a cognizable and reasonable interest in maintaining a close relationship with the child." <u>Id.</u>[1]

Applying this statute broadly to effect the legislative intent, we hold that Joseph, the child's great great stepaunt, is a "family member" as specified in the statute. <u>See</u> <u>Surles</u>, 48 Va. App. at 163 n.6, 628 S.E.2d at 571 n.6 ("[A] 'family member' [includes] an individual who is related to the child by . . . law."). Accordingly, we hold that the trial judge erred in ruling she was not a "person with a legitimate interest." Therefore, we reverse the trial judge's ruling and remand for further proceedings on the merits of Joseph's petition.[2]

<u>Reversed and remanded.</u>

---

[1] Though the Department argues that Joseph is barred from seeking custody because her "interest in the child derives from or through a person whose parental rights have been terminated," that exclusion, as set out in subparagraph (ii) of the definition of "[p]erson with a legitimate interest" only applies if the child has been legally adopted. Code § 20-124.1. The evidence in this case established that the child had not been adopted when Joseph filed her petition.

[2] Joseph raises two additional issues concerning the trial judge's authority to act on her petition after the father's rights had been terminated. We note that the absence of authority to act was not the basis for the trial judge's final order. Moreover, the record indicates that her petition was pending before a final order was entered terminating the father's parental rights. We, therefore, hold that this issue is not properly before us for decision.