COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Malveaux and Senior Judge Annunziata
Argued at Norfolk, Virginia

UNPUBLISHED

DAVID W. WILLIS

v.     Record No. 1489-17-1

LORI C. WILLIS

MEMORANDUM OPINION[*] BY
JUDGE ROSEMARIE ANNUNZIATA
OCTOBER 2, 2018

FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
L. Wayne Farmer, Judge

David W. Willis, *pro se.*

Chamie A. Riley (Frederick D. Taylor, Guardian *ad litem* for the
minor children; Riley Law PLLC; Bush & Taylor, PC, on brief),
for appellee.

Appellant, David W. Willis, and appellee, Lori C. Willis, began divorce proceedings in

August 2015, initiated by appellee. The trial court held an *ore tenus* divorce hearing on May 1,

2017, to address custody and visitation, spousal and child support, and equitable distribution of

property. The court issued its ruling on custody and visitation at the hearing and entered an order

on June 16, 2017, memorializing the ruling. The court issued its ruling on the support and

property matters at a hearing on June 28, 2017, and entered the final decree of divorce on August

24, 2017. The decree referenced the June 16, 2017 order as having determined custody and

visitation and stated that the matter would be kept on the trial court's docket for any

modifications or amendments.

On appeal, appellant raises numerous assignments of error and alleges the trial court

erred as follows: giving sole legal and physical custody of the parties' two children, then 14 and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

12, to appellee; ordering that appellant have no contact with the children until their therapist recommended doing so; splitting the equity in the marital home equally; not assigning an independent counselor to work toward family reconciliation; granting the divorce on grounds of adultery;[1] accepting appellee's evidence regarding the value of her car; finding that appellee's retirement accounts were not marital property; and allowing appellee to keep tools she had taken from the marital home.

Appellant previously appealed the June 16, 2017 order, raising the same child custody and visitation claims he makes in his current appeal. This Court summarily affirmed the judgment of the trial court because the record did not contain a complete transcript or written statement of facts of the hearing held on May 1, 2017. Willis v. Willis, No. 1123-17-1 (Va. Ct. App. Oct. 31, 2017). Even assuming that appellant may raise the same claims again in this appeal, the absence of a complete transcript forecloses us from considering them, as well as appellant's other claims.

The appellate record contains transcript excerpts of the trial court's rulings on May 1, 2017, and June 28, 2017, but it does not contain a full transcript or a written statement of facts of the entire May 1, 2017 hearing at which evidence was taken. See Rule 5A:8(a) and (c) (setting forth the time frames for filing a transcript or written statement of facts). If an appellant "fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii); see Browning v. Browning, 68 Va. App. 19, 30, 802 S.E.2d 178, 183 (2017) (applying rule).

The trial court's ruling "is presumed to be correct," and appellant is responsible for providing "a sufficient record from which it can be determined whether the trial court erred as

---

[1] The court also found the parties had lived separate and apart for more than one year.

- 2 -

the appellant alleges." White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995); see also

Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*). The record

here contains numerous pleadings and exhibits, but it is not the function of this Court "to comb

through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims."

Burke v. Catawba Hosp., 59 Va. App. 828, 838, 722 S.E.2d 684, 689 (2012) (quoting Fitzgerald

v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*)). Even though

appellant filed his brief *pro se*, he still "must comply with the rules of court." Francis v. Francis,

30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999); see Townes v. Commonwealth, 234 Va. 307,

319, 362 S.E.2d 650, 657 (1987) (holding that "[a] pro se litigant is no less bound by the rules of

procedure and substantive law than a defendant represented by counsel").

We have reviewed the record, appellant's opening brief, and appellee's brief. We

conclude that a full transcript or written statement of facts is indispensable to a determination of

appellant's assignments of error. See Clary v. Clary, 15 Va. App. 598, 600-01, 425 S.E.2d 821,

822 (1992) (*en banc*); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402

(1986); see also Smith v. Commonwealth, 281 Va. 464, 470, 706 S.E.2d 889, 893 (2011)

(holding petition for appeal was properly denied where appellant waived his suppression claim

by failing to timely file the necessary transcript). Therefore, we affirm the judgment of the trial

court.[2] See White, 249 Va. at 30, 452 S.E.2d at 858 (stating that "the judgment appealed from

will be affirmed" if appellant provides "an insufficient record").

Affirmed.

---

[2] Because we resolve cases on "the best and narrowest ground available," Kirby v. Commonwealth, 50 Va. App. 691, 698 n.2, 653 S.E.2d 600, 603 n.2 (2007), we decline to address the other procedural defects in appellant's opening brief and appendix.