COURT OF APPEALS OF VIRGINIA


Present:  Judges Clements, Agee and Felton
Argument by teleconference


RALPH STEVE MULLINS, S/K/A
 RALPH STEVEN MULLINS
                                        OPINION BY
v.    Record No. 2113-02-3         JUDGE G. STEVEN AGEE
                                      FEBRUARY 25, 2003
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF SMYTH COUNTY
                    C. Randall Lowe, Judge

             Alan J. Stratton (Bland & Associates, P.C.,
             on brief), for appellant.

             Dana Martin Johnson, Assistant Attorney
             General (Jerry W. Kilgore, Attorney General;
             David E. Johnson, Deputy Attorney General;
             Jane D. Hickey, Senior Assistant Attorney
             General, on brief), for appellee.


     Ralph Steve Mullins, s/k/a Ralph Steven Mullins

("Mullins"), a patient at the Southwest Virginia Mental Health

Institute ("SWVMHI"), appeals an August 2, 2002 order of the

Circuit Court of Smyth County requiring him to undergo medical

treatment pursuant to Code § 37.1-134.21.  Mullins contends on

appeal that: (1) the evidence was insufficient for the trial

court to find that he was "incapable of making an informed

decision on his own behalf," and (2) the ordered treatment is

contrary to his basic values and the trial court thus failed to

make the required finding that the treatment "is necessary to

prevent death or a serious irreversible condition."  For the reasons that follow, we affirm the decision of the trial court.

## I.  BACKGROUND

Mullins was involuntarily committed to the SWVMHI in 1995 and has resided there until the present time.  In June 2002, Mullins was diagnosed with serum protein electrophoresis M-Spike abnormality and heme positive stool.  He also has difficulty eating solid food.

Due to these indications and because Mullins suffers from schizophrenia, Dr. James Vesce, a medical doctor and psychiatrist treating Mullins at SWVMHI, sought judicial authorization to perform diagnostic tests, including a bone marrow biopsy, colonoscopy, and esophagogastrodudenoscopy. Vesce and other physicians opined Mullins' symptoms were indicative of cancer and diagnostic procedures were required in order to provide sufficient information to safeguard his health. The General District Court of Smyth County conducted a hearing on June 24, 2002, and ordered implementation of the diagnostic tests.  Mullins appealed this order to the Circuit Court of Smyth County.

Pursuant to Code § 37.1-134.21, the circuit court heard the case de novo on July 10, 2002.  The court heard testimony by Dr. Vesce and ordered Mullins to undergo the diagnostic tests under "conscious sedation."  However, when Mullins arrived at Smyth County Community Hospital on August 1, 2002, it was

-

discovered that a fourth test, a broncoscopy, would be needed and that the tests would require full anesthesia. The attending physicians deferred treatment until a revised and comprehensive treatment order could be obtained.

On August 1, 2002, the general district court, with all parties and counsel present, conducted a hearing in Mullins' hospital room. The court modified its original order to include the additional test and full anesthesia. Mullins again appealed to the circuit court, which also conducted a de novo hearing in Mullins' room that same day.

The circuit court heard testimony from Dr. Vesce, Dr. Ampudia, a surgeon, and Dr. Harmon, an anesthesiologist, about Mullins' capacity and medical condition. The circuit court then entered its August 2, 2002 order which made the following findings:

> the Court finds by clear and convincing evidence that Ralph Steve Mullins is mentally ill and that there is no other person who can give consent for the proposed treatment, that the treatment outlined in the August 1, 2002 order is appropriate and in the best interests of the patient, and that the patient is incapable of giving knowing consent to the proposed treatment, it is ORDERED pursuant to Virginia Code Section 37.1-134.21 that the patient be treated under the terms of the August 1, 2002 Order.

The circuit court's order also reflected that Mullins noted his appeal to this Court and that the circuit court's order was stayed pending appeal.

-

## II.  ANALYSIS

Code § 37.1-134.21(A) authorizes a circuit court to order

> [t]he provision, withholding or withdrawal
> of a specific treatment or course of
> treatment for a mental or physical disorder,
> if it finds upon clear and convincing
> evidence that (i) the person is either
> incapable of making an informed decision on
> his own behalf or is incapable of
> communicating such a decision due to a
> physical or mental disorder and (ii) the
> proposed action is in the best interest of
> the person.

The Smyth County Circuit Court's August 2, 2002 order was made citing this grant of statutory authority.

Code § 37.1-134.21(K) authorizes appeal to this Court from such an order authorizing involuntary medical treatment.[1] In reviewing that order, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc).

Code § 37.1-134.21(H) requires the trial court to make certain findings as a condition precedent to entry of a treatment order.[2] Mullins contends the trial court's order was

---

[1] Any such appeal must be filed within ten days. Code § 37.1-134.21(K). In the case at bar, the circuit court order was entered on August 2, 2002, and Mullins timely filed his notice of appeal on August 6, 2002.

[2] Prior to authorizing the provision, withholding or withdrawal of treatment pursuant to this section, the court shall find:

-

in error requiring reversal because certain of its findings were
deficient.  Specifically, he contends that (1) the evidence was
generally insufficient to support a finding that he was not
capable of making an informed decision regarding his medical
treatment, and (2) the court failed to make a finding that the
proposed treatment was necessary to prevent death or a serious
irreversible condition as required by Code § 37.1-134.21(H)(4)
when the treatment is contrary to the person's basic values.
Mullins raises no other issue as to the necessity or adequacy of

> 1.  That there is no legally authorized
> person available to give consent;
> 2.  That the person who is the subject of
> the petition is incapable either of making
> an informed decision regarding a specific
> treatment or course of treatment or is
> physically or mentally incapable of
> communicating such a decision;
> 3.  That the person who is the subject of
> the petition is unlikely to become capable
> of making an informed decision or of
> communicating an informed decision with the
> time required for decision; and
> 4.  That the proposed course of treatment is
> in the best interest of the patient.
> However, the court shall not authorize a
> proposed course of treatment which is proven
> by a preponderance of the evidence to be
> contrary to the person's religious beliefs
> or basic values unless such treatment is
> necessary to prevent death or a serious
> irreversible condition.  The court shall
> take into consideration the right of the
> person to rely on nonmedical, remedial
> treatment in the practice of religion in
> lieu of medical treatment.

Code § 37.1-134.21(H).

-

the court's findings under subsection H or otherwise.  On
appeal, we consider only the issues raised.[3]  See Rule 5A:18.

### A.  Sufficiency of the Evidence

Mullins asserts the evidence was insufficient for the trial
court to find that he was incapable of making an informed
decision on his own behalf, but cites no evidence in the record
in support of his argument.[4]  The record contains a sparse
"Written Statement of Facts in Lieu of Transcript," which
indicates the trial court heard the testimony of the three
doctors treating Mullins before making its findings of fact.
The written statement does not give the testimony of the
physicians, or even a summary of their evidence.  Neither does
the written statement identify whether Mullins testified at the
hearing, or what, if anything, he placed in evidence.

Mullins has failed to provide an adequate record on appeal
that would allow us to consider his argument on the sufficiency
of the evidence.  "If an insufficient record is furnished, the

---

[3] The General Assembly provided for involuntary medical
treatment in very limited circumstances, where such treatment is
determined to be in the best interests of a person who is unable
to give an informed consent to treatment.  Code § 37.1-134.21
describes the procedures to be followed and the findings a court
is to make prior to authorizing such treatment.
All parties should take care to insure that the treatment
order of the trial court and the record reflect that each of the
statutory requirements has been fully met in order to provide a
reviewing court with the necessary record.

[4] Mullins did not identify whether his argument is that the
evidence was insufficient under subsection (H)(2), (H)(3), both
subsections or some other code provision.

-

judgment appealed from will be affirmed." <u>White v. Morano</u>, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995). As Mullins provides us no basis in the record upon which to consider his allegation of error, we find no error in the trial court's order.

### B. Consideration of Basic Values

Mullins does not dispute the trial court's finding under Code § 37.1-134.21(H)(4) that the proposed treatment is in his best interests. He nonetheless assigns error under subsection (H)(4), by contending the trial court failed to take account of his basic values which "include his belief that he has a right to decide for himself regarding any medical treatment or diagnostic medical tests that should be performed on his body." Mullins further argues that as his basic values contradict the proposed treatment, the trial court was required by subsection (H)(4) to make an affirmative finding that "such treatment is necessary to prevent death or a serious irreversible condition." As the trial court failed to make such a finding, Mullins asserts its order was in error.

Although Mullins alleges on appeal that the proposed medical treatment is contrary to his basic values, the record does not reflect this issue was ever raised to the trial court. Nothing in the record indicates any evidence on this issue was ever introduced or any argument made to the trial court that Mullins' basic values opposed the proposed treatment. Under the plain language of the statute, a finding that treatment is

-

necessary to prevent death or a serious irreversible condition is required only when a preponderance of the evidence proves the treatment is contrary to the person's basic values.  As no issue of Mullins' basic values was raised and no evidence of basic values appears in the record, the trial court was under no statutory duty to make an independent sua sponte finding that the treatment was necessary to prevent death or a serious irreversible condition.  Our consideration of this issue is barred by Rule 5A:18.  "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998).

### IV.  CONCLUSION

Mullins failed to provide an adequate record on appeal that permits an appellate court to consider his argument on the insufficiency of the evidence as to the trial court's findings of fact.  Further, Rule 5A:18 bars this Court from considering whether the proposed medical treatment contradicts his basic values.  Finding no error by the circuit court, we affirm its order of August 2, 2002.

Affirmed.

-