COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Humphreys and McClanahan
Argued at Salem, Virginia


DAPHNE MAYHEW

MEMORANDUM OPINION* BY
v.     Record No. 2714-09-3     JUDGE ELIZABETH A. McCLANAHAN
JANUARY 11, 2011

JOHN MAYHEW


FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

Carter B. Garrett (Garrett & Garrett, P.C., on brief), for appellant.

Curtis L. Thornhill (Berger & Thornhill, on brief), for appellee.


Daphne Mayhew (wife) appeals from a final decree of divorce from John Mayhew

(husband). Challenging the trial court's equitable distribution award, wife argues, first, that the

court erred in finding husband contributed from his separate funds the sum of $134,788.41

towards the purchase and construction of the marital residence. According to wife, husband met

his burden of proof in tracing only the sum of $42,579.72 as his separate contribution to the

marital residence. Second, wife argues that the court erred in classifying husband's defined

contribution retirement plan as "part marital and part separate property," rather than classifying it

as solely marital property, because husband failed to directly trace his separate contributions to

this account.

We agree with wife about the evidence of husband's separate contribution to the marital

residence. However, as to wife's argument regarding the classification of husband's retirement

plan, wife has failed to present a sufficient record upon which we can review this issue. We thus

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

affirm the trial court in its classification of husband's defined contribution retirement plan, reverse the trial court in its determination as to the amount of husband's separate contribution to the marital residence, and, therefore, remand this case for reconsideration of the equitable distribution award.

(i) <u>Husband's Separate Contribution to Marital Residence</u>

"In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." <u>Klein v. Klein</u>, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990). "A decision regarding equitable distribution . . . will not be reversed unless it is plainly wrong or without evidence to support it." <u>Rahbaran v. Rahbaran,</u> 26 Va. App. 195, 205, 494 S.E.2d 135, 139 (1997).

In the context of equitable distribution, Code § 20-107.3(A)(3)(e) states:

> When marital property and separate property are commingled into newly acquired property resulting in the loss of identity of the contributing properties, the commingled property shall be deemed transmuted to marital property. However, to the extent the contributed property is retraceable by a preponderance of the evidence and was not a gift, the contributed property shall retain its original classification.

Thus, to trace the separate portion of commingled or "hybrid" property, "'a party must prove that the claimed separate portion is identifiably derived from a separate asset. This process includes two steps: a party must (1) establish the identity of a portion of hybrid property and (2) directly trace that portion to a separate asset.'" <u>Gilman v. Gilman</u>, 32 Va. App. 104, 122, 526 S.E.2d 763, 772 (2000) (quoting <u>Rahbaran</u>, 26 Va. App. at 208, 494 S.E.2d at 141); <u>see also</u> <u>von Raab v. von Raab</u>, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997) ("[T]he party claiming a separate interest in transmuted property bears the burden of proving retraceability.").

The trial court in this case set forth its findings for the equitable distribution of the parties' marital property in a letter opinion dated November 4, 2009, which was incorporated by reference into the parties' final divorce decree. The first piece of property that the court addressed was the marital residence, identified as the "Bishop Creek Road property." As the court explained, the parties acquired this property jointly and constructed the marital home on it during the course of their marriage. The court found that husband contributed a total sum of $134,788.41 from his "separate asset[s]" towards the costs of acquiring this real estate and constructing the home. The court, in turn, used this sum to establish the value of husband's separate equity interest in the Bishop Creek Road property under the "Brandenburg formula." See Martin v. Martin, 27 Va. App. 745, 753, 501 S.E.2d 450, 454 (1998) (explaining that the "Brandenburg formula," approved by this Court in Hart v. Hart, 27 Va. App. 46, 65-66, 497 S.E.2d 496, 505 (1998), is "one method for ascertaining the value of the separate and marital components of hybrid property in relation to the original contributions").

More specifically, the court found that husband "traced" to three separate sources the aggregate sum of $134,788.41, which he allegedly contributed towards the Bishop Creek Road property, as follows: (1) a loan from an equity line of credit in the sum of $39,510.99 secured by husband's separately owned real estate, identified as the "Harbor Drive property," which loan husband satisfied by the sale of that property; (2) the net proceeds from husband's sale of the Harbor Drive property in the sum of $69,697.70; and (3) husband's separate funds in the sum of $25,579.72 with which he made post-separation payments "toward reduction" of the parties' joint mortgage on the Bishop Creek Road property.

The parties have presented on appeal an agreed statement of facts in lieu of a transcript of the trial court proceedings, pursuant to Rule 5A:8(c); and we are "bound" by this written statement of facts in our review of the record on appeal. Gologanoff v. Gologanoff, 6 Va. App.

340, 344, 369 S.E.2d 446, 448 (1988) (citing Rule 5A:7(a)(7)).  As to husband's use of the funds from the equity line of credit, the parties recite in the statement of facts only the following:  "The husband testified that he used the funds from the equity line to [1] buy the land on Bishop Creek Road in Bedford County, [2] to 'fix up' the Harbor Drive property and [3] to pay bills."  Based on this statement, there was insufficient evidence to support the trial court's finding that husband traced all of the funds from the equity line loan in the sum of $39,510.99 as a separate contribution from him to the Bishop Creek Road property.  Nor indeed would this factual recitation support a finding that husband traced any specific portion of those loan proceeds to that property.  At oral argument, however, wife's counsel conceded that husband, in fact, contributed $17,000 from the loan to purchase the real estate comprising the Bishop Creek Road property.[1]

As to husband's use of the net proceeds of $69,697.70 from his sale of the Harbor Drive property, the parties recite in the statement of facts only this:  "The husband testified that he deposited the net proceeds into a 'separate account.'  And, that he used the money [1] to build the Bishop Creek house, [2] to buy vehicles and [3] to pay bills."  Based on this statement, there was similarly insufficient evidence to support the trial court's finding that husband traced all of the $69,697.70 in net proceeds from husband's sale of the Harbor Drive property as a separate contribution from him to the Bishop Creek Road property.  Nor would this factual recitation support a finding that husband traced any specific portion of those net proceeds to that property.

---

[1] In making this concession, wife's counsel candidly pointed to a notation on a document included in the joint appendix identified as husband's Exhibit 5.  The notation referenced "Land" and "17000.00."  Given the limited information provided in the statement of facts regarding this document, as well as the limited information in the document itself, we could not now conclude, but for the concession, that the "Land" was the Bishop Creek Road property and that husband paid $17,000 for it with proceeds from his equity line of credit secured by the Harbor Drive property.

Finally, it is undisputed that husband made post-separation payments in the total sum of $25,579.72 from his separate funds "toward reduction" of the parties' joint mortgage on the Bishop Creek Road property.

Accordingly, we remand this matter to the trial court for re-determination of the equitable distribution award in light of our conclusion that husband's separate contribution toward the acquisition of the Bishop Creek Road property and the construction of the marital home on it, as established by the record and factual concession before us, is limited to $42,579.72 (the total of $17,000 and $25,579.72).

### (ii) Husband's Defined Contribution Retirement Plan

Wife's other challenge to the trial court's equitable distribution award goes to the court's classification of husband's defined contribution retirement plan as "part marital and part separate property," rather than classifying it as solely marital property, based on husband's alleged failure to directly trace his separate contributions to this account. As to this challenge, wife has failed in her burden to present a sufficient record upon which we can review this issue. See Prince Seating Corp. v. Rabideau, 275 Va. 468, 470-71, 659 S.E.2d 305, 307 (2008) ("'An appellant who seeks the reversal of a decree . . . has the primary responsibility of presenting to this [C]ourt, as a part of the printed record, the evidence introduced in the lower court, or so much thereof as is necessary and sufficient for us to give full consideration to the assignment of error.'" (quoting Lawrence v. Nelson, 200 Va. 597, 598-99, 106 S.E.2d 618, 620 (1959))); McDonald v. National Enters., Inc., 262 Va. 184, 195, 547 S.E.2d 204, 211 (2001) ("As appellant in this appeal, McDonald has the burden to present a sufficient record on which this Court can determine whether the circuit court erred as McDonald contends." (citing Wansley v. Commonwealth, 205 Va. 419, 422, 137 S.E.2d 870, 873 (1964))). Among other deficiencies in the record here presented relative to wife's analysis of this issue, wife references information in documents

included in the joint appendix that are not identified or described in any way in the parties' agreed statement of facts. Thus, we can draw no conclusions from those documents, given that we have no information as to whether the documents were even admitted into evidence.

"'If an insufficient record is furnished, the judgment appealed from will be affirmed.'" Mullins v. Commonwealth, 39 Va. App. 728, 734, 576 S.E.2d 770, 773 (2003) (quoting White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995)). As wife provides us an insufficient record upon which to consider her allegation of error in the classification of husband's defined contribution retirement plan, we find no error in the trial court's order regarding that classification.

## CONCLUSION

For the reasons stated above, we affirm the trial court in its classification of husband's defined contribution retirement plan, reverse the trial court in its determination as to the amount of husband's separate contribution to the marital residence, and remand this case for reconsideration of the equitable distribution award consistent with this opinion.

Affirmed in part,
reversed in part,
and remanded.
