COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, AtLee and Chaney
Argued at Norfolk, Virginia


SHEERA L. KNIGHT

                                      MEMORANDUM OPINION[*] BY
v.      Record No. 0624-21-1            JUDGE VERNIDA R. CHANEY
                                        AUGUST 2, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

Tiffany T. Crawford (Morris, Crawford & Currin, P.C., on brief), for
appellant.

Robin M. Nagel, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


      Following a bench trial in the Circuit Court of the City of Norfolk ("trial court"), Sheera

Knight ("Knight") was convicted of assault and battery in violation of Code § 18.2-57 and was

sentenced to ninety days in jail, all suspended.  On appeal, Knight contends that the evidence is

insufficient to prove that she was the perpetrator or acted with the requisite intent.  Knight also

argues that the trial court abused its discretion by admitting the victim's, Daniel Christie

("Christie"), hearsay testimony about a public "alert" he had received concerning Knight before the

attack.  For the following reasons, this Court affirms the trial court's judgment.

I. BACKGROUND

      On January 27, 2020, Christie entered the lobby of a bus station in Norfolk, Virginia.  As

Christie entered, he noticed a woman standing at the doorway.  Christie walked to a vending

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

machine at the far side of the lobby and began a purchase, with his back to the doorway. As Christie stood at the vending machine, a woman, who wore a hat and hooded coat, entered the lobby with a walking stick and walked towards Christie. As she passed the halfway point, the woman broke into a jog, and as Christie bent over to retrieve his purchase from the machine, the woman struck his backside several times with the walking stick. Christie immediately stood, faced the woman, and told her, "You shouldn't have done that." The woman kept swinging her stick at Christie, and he ducked to avoid being struck. The woman stayed in front of the machine for a few seconds before leaving. The bus station's surveillance camera captured the entire incident.

At trial, Christie identified Knight as the individual who struck him in the bus station. He identified himself and Knight in the bus station's surveillance video, characterizing Knight's physical appearance as similar to that of the individual depicted in the video. Over Knight's hearsay objection, Christie testified that he had received a public "alert" about Knight from the Hampton Regional Transit Authority ("HRT") before the incident.

After the Commonwealth's case-in-chief, Knight moved to strike the evidence, arguing that Christie's identification of her was inherently unreliable. The trial court denied the motion. In her own behalf, Knight testified that she was not the woman depicted in the video. Knight admitted being near the bus station on the evening of the attack but denied that she went inside. Knight claimed that she would never do "something like hitting Christie" and emphasized that the woman shown in the video was wearing a hat. Knight denied wearing a hat.

At the close of all the evidence, Knight renewed her motion to strike, arguing that Christie's identification of her as the assailant was inherently unreliable and failed to prove she was the perpetrator. The trial court denied the motion to strike and convicted Knight of the assault and battery.

## II.  ANALYSIS

### A.  Standard of Review

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial."  *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).  In doing so, we discard any of Knight's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence.  *Id.* at 473.

### B.  Sufficiency of the Evidence

Knight challenges the sufficiency of the evidence to support her conviction.  First, she argues that Christie's identification was inherently unreliable and failed to prove that she was the perpetrator.  She contends that "the videotape depicted an unidentified black female" and Christie did not know Knight before the incident.  She also relies on her own testimony, where she "vehemently denied that she was the" perpetrator.  Additionally, Knight argues that the evidence failed to show that she acted with the requisite intent.  She asserts that the video "depicts a female who appears to be joking with several people in the bus stop."

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'"  *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)).  "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)).  "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

### i. Identification

"At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)). As with any element of an offense, identity may be proved by direct or circumstantial evidence. *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999). The factors set forth in *Neil v. Biggers*, 409 U.S. 188 (1972), are used to determine "whether the identification evidence is sufficient, standing alone or in combination with other evidence, to prove beyond a reasonable doubt" the identity of the perpetrator. *Brown v. Commonwealth*, 37 Va. App. 507, 522 (2002). Those factors include the "opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time" since the crime. *Curtis v. Commonwealth*, 11 Va. App. 28, 31 (1990) (quoting *Biggers*, 409 U.S. at 199-200). In evaluating the reliability of the identification, we look to the totality of the circumstances. *Cuffee*, 61 Va. App. at 364.

Before the incident, Christie was standing only a few feet away from Knight. The room area was well-lit, and Christie was facing Knight's direction. *See Blevins*, 40 Va. App. at 425 (stating witness "had ample opportunity to view the" perpetrator where he testified "that the parking garage was 'bright' and 'well lit' and that he had a 'real good' 'unobstructed view' of the assailant

from a distance of ten to fifteen feet for four to five seconds"). Although Knight's clothing partially covered her head, her face was uncovered and clearly visible.

Moreover, the record demonstrates that Knight and the perpetrator, shown in the video, shared the same "general physical appearance," making the accuracy factor weigh in favor of the Commonwealth. *See id.* at 424-25 (finding accuracy factor weighed in favor of the Commonwealth when witness inaccurately described perpetrator's clothing but based her identification on his "facial appearance" and "body structure" and second witness inaccurately described perpetrator's weight but accurately described his "height, clothing and facial appearance"). Finally, Christie unequivocally identified Knight as the perpetrator at trial. *See McCary v. Commonwealth*, 228 Va. 219, 234 (1984) (holding that "[a]lthough 15 months elapsed between the crimes and the identification testimony given by the victims at McCary's preliminary hearing, the mere passage of time is insufficient to invalidate the identification").

Although Knight denied being the perpetrator, the trial court was not obligated to accept her testimony. "Determining the credibility of witnesses . . . is within the exclusive province of the [fact-finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). That credibility determination often includes "choosing between competing accounts offered by different witnesses." *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011) (citing *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010)). Moreover, the fact-finder is entitled to reject a defendant's self-serving testimony and to conclude that "[Knight's] explanations were made falsely in an effort to conceal [her] guilt." *Toler v. Commonwealth*, 188 Va. 774, 782 (1949). After balancing the evidence, the trial court rejected Knight's account and credited Christie's. We will not disturb that

credibility determination on appeal. Thus, considering the totality of the circumstances, Christie's identification of Knight as the perpetrator was not inherently unreliable.

### ii. Intent

Alternatively, Knight argues that the evidence failed to prove that she acted with the requisite intent. The Commonwealth contends that Knight failed to preserve the argument on intent, so Rule 5A:18 bars this Court's consideration of the issue. We agree.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. The purpose of the rule "is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).

Here, the statement of facts in lieu of a transcript, filed by Knight, indicates that the only argument Knight presented to the trial court was that the evidence failed to establish that she was the perpetrator. Without a record showing that Knight also preserved her challenge to intent, Rule 5A:18 bars this Court's consideration of that argument for the first time on appeal. Furthermore, Knight does not raise the good cause or ends of justice exceptions to Rule 5A:18.

### C. Hearsay Testimony

Knight argues that the trial court abused its discretion by admitting Christie's hearsay testimony about a public "alert" concerning Knight that he received from HRT. According to Knight, the testimony portrayed Knight "as a nuisance, someone to be afraid of." Knight argues that the evidence does not show that the testimony fits within any exception to the rule against hearsay or that it was offered "not 'for the truth of the matter asserted.'" Knight further argues that she did not have an opportunity "to cross-examine the person who made the 'alert'" or "to impeach

this statement" because Christie "was not the declarant and had no knowledge" of the circumstances about the alert.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." *Warnick v. Commonwealth*, 72 Va. App. 251, 263 (2020) (quoting *Amonett v. Commonwealth*, 70 Va. App. 1, 9 (2019)). On appeal, "the judgment of the lower court is presumed to be correct, and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993). "If an insufficient record is furnished, the judgment appealed from will be affirmed." *Mullins v. Commonwealth*, 39 Va. App. 728, 734 (2003) (quoting *White v. Morano*, 249 Va. 27, 30 (1995)).

In this case, the written statement of facts states only that "Christie was permitted to testify, over [Knight's] hearsay objection, that prior to the incident he had received an 'alert' from HRT pertaining to [Knight]." It does not report what type of alert Christie received or the information included in the alert, which would be necessary for this Court to determine whether the alert contained hearsay. The record is also silent on the trial court's basis for the ruling—whether the alert was not hearsay or a hearsay exception applied. Without that information, we have no evidence to consider Knight's arguments that the alert was offered for its truth and did not fall within any hearsay exceptions. *See Bunton v. Commonwealth*, 6 Va. App. 557, 561 (1988) (holding that the party assigning error "has the responsibility of providing the record on appeal necessary to enable the reviewing court to address the issues"); *see also Prince Seating Corp. v. Rabideau*, 275 Va. 468, 470 (2008) (holding that an appellant "has the primary responsibility of presenting to [the c]ourt, as a part of the printed record, the evidence introduced in the lower court, or so much thereof as is necessary and sufficient for us to give full consideration to the

assignment of error" (quoting *Lawrence v. Nelson*, 200 Va. 597, 598-99 (1959))). Accordingly, based on this statement of facts, we are without an adequate record from which we can consider whether the trial court erred.

### III. CONCLUSION

The fact-finder could conclude that based on the totality of the circumstances, Christie's identification of Knight as the perpetrator was not inherently unreliable and therefore, the evidence is sufficient to support a conviction of assault and battery. Accordingly, this Court affirms the trial court's judgment.

*Affirmed.*